Nicholas Esposito, Landlord, Appellant, *v.* Harry Wetzel, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, January 4, 1951.

*Benjamin Barondess* for appellant.

*David S. Elgot* for respondent.

*Per Curiam.* Failure to give a thirty-day notice in this summary proceeding for nonpayment of rent was not a jurisdictional defect.

" ' If the landlord fails to give the notice five days before the end of the month, and the tenant holds over after the first of the next month, he becomes, by operation of law, a tenant for another month on the terms of the former hiring, the conventional relation still existing ' " (*Miller* v. *Lowe,* 86 N. Y. S. 16,

quoting from 3 McAdam on Landlord and Tenant [3d ed.], p. 143).

In this connection it may be stated that the five-day notice to monthly tenants in the city of New York referred to in the *Miller* case was by subsequent legislative amendments passed in 1919 and 1920 (L. 1919, ch. 649; L. 1920, ch. 210) lengthened to thirty days and incorporated in section 232-a of the Real Property Law. (See Keogh on Landlord & Tenant, Summary Proceedings, pp. 32–33.)

Further we are of opinion that in this case, where it appears that the rent increase was granted by the Federal Expediter in June, 1949, and paid for several months by the tenant, down to the time that the tenant, invoking the void "Sharkey Law" (Local Laws, 1949, No. 73 of City of New York), resumed payment of the lesser rental, the rent demanded in the petition, in the light of the substantial improvements made by the landlord with the tenant's consent (State Residential Rent Law, § 4, as amd. by L. 1950, ch. 250), was the legal rent of the premises.

The final order should be reversed, with $20 costs, and final order granted the petitioner for the possession of the premises by reason of the default of the tenant in payment of $66, the rent of the premises for July, 1950, and further directing judgment for the petitioner against the tenant for $132, with interest and costs.

HAMMER, HOFSTADTER and EDER, JJ., concur.

Final order reversed, etc.